IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY LOUIS ORTIZ,** : | CIVIL ACTION NO. 1:25-CV-1138 |
| : | |
| **Plaintiff** : | **(Judge Neary)** |
| : | |
| v. : | |
| : | |
| **THOMAS SKILONGER,** *et al.*, : | |
| : | |
| **Defendants** : | |

## **MEMORANDUM**

This is a civil case in which plaintiff alleges that defendants, two police officers with the Pittston Township Police Department, committed intentional infliction of emotional distress when they arrested him on October 18, 2024. The complaint will be dismissed without prejudice for lack of subject matter jurisdiction and plaintiff will be granted leave to file an amended complaint.

**I.     Factual Background & Procedural History**

Ortiz filed this case on June 5, 2025, and the court received and docketed his complaint on June 23, 2025. (Doc. 1). According to the complaint, defendant Skilonger pulled Ortiz over while he was driving his car on October 18, 2024. (Id. at 5). Skilonger approached Ortiz's vehicle and asked him for his name, driver's license, and registration. (Id.) Skilonger temporarily went to his car, and when he returned, he asked Ortiz to exit his vehicle. (Id.) Ortiz purportedly told Skilonger that he had been "having problems" with his driver's side door. (Id.) As Ortiz tried to open the door, Skilonger allegedly pulled out a taser and aimed it at Ortiz. (Id.)

The complaint alleges that Ortiz suffers from Post-Traumatic Stress Disorder ("PTSD") and that Skilonger pointing the taser at him triggered symptoms of the PTSD. (Id.) Ortiz responded by exiting his vehicle and running away. (Id.) Defendants Skilonger and John Doe pursued Ortiz on foot, caught up with him, and arrested him. (Id.) The defendants placed Ortiz in the back seat of their patrol car. (Id.) While Ortiz was sitting in the car, Skilonger purportedly told him, "If you don't shut the fuck up I will take you out of the fucking car and beat the life out of you." (Id.) This statement purportedly again triggered symptoms of Ortiz's PTSD and made him feel unsafe. (Id.) Defendant John Doe also purportedly told Skilonger, "you['re] only going to get a six month suspension if you did take Ortiz out the patrol vehicle and beat his ass." (Id.)

The complaint asserts a single claim for intentional infliction of emotional distress under Pennsylvania law against Skilonger and John Doe. (Id. at 6). Ortiz seeks compensatory and punitive damages, attorney fees and litigation expenses, and any equitable relief the court deems proper. (Id. at 7).

## II. Discussion

Federal courts are courts of limited jurisdiction. Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 26 (2025) (citing Kokkonen v. Guardian Life Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). District courts are continually obligated to review whether they have subject matter jurisdiction and must raise subject matter jurisdiction issues sua sponte. Fort Bend Cty., Tex. v. Davis, 587 U.S. 541, 548 (2019). District courts' subject matter jurisdiction is limited both by Article III of the Constitution and by statute. Royal Canin, 604 U.S. at 26. Under the relevant

2

statutes, subject matter jurisdiction is limited to federal question jurisdiction—that is, "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331—and diversity jurisdiction, which, generally speaking, allows a court to exercise jurisdiction over a case where the litigants are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. A court may only exercise supplemental jurisdiction over a state law claim if the claim is "so related" to a claim in the case over which the court has original subject matter jurisdiction through Sections 1331 or 1332 that the claims "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

In this case, there is no basis for the court to exercise diversity jurisdiction under Section 1332. Ortiz is a citizen of Pennsylvania, and, although the complaint makes no allegations of defendants' citizenship, the court infers from the fact that defendants are employed by the Pittston Township Police Department that they are also citizens of Pennsylvania. (See Doc. 1 at 3). Thus, because the court lacks diversity jurisdiction, the court may only exercise jurisdiction over this case if it arises under federal law. 28 U.S.C. § 1331.

Although Ortiz states that this case arises under federal law and that he is suing pursuant to 42 U.S.C. § 1983, (see Doc. 1 at 4), he does not assert any claims for violation of federal law. His only claim for relief is a state law claim for intentional infliction of emotional distress. (See id. at 6). This court may not exercise subject matter jurisdiction over this claim unless plaintiff has also asserted a related claim over which the court has original subject matter jurisdiction

3

pursuant to Sections 1331 or 1332. 28 U.S.C. § 1367. The court will accordingly dismiss Ortiz's complaint without prejudice for lack of subject matter jurisdiction.

The court will, however, grant Ortiz leave to file an amended complaint that asserts a basis for subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. Given Ortiz's statement that he is suing pursuant to 42 U.S.C. § 1983, it appears that his failure to plead a federal claim may have been an unintentional oversight or a mistake due to lack of legal training. Thus, in the interest of justice to Ortiz as a pro se litigant, the court will grant him leave to amend. See Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 887 (3d Cir. 1992) ("[N]othing prevents a district court from granting a party leave to amend its complaint to assert a new basis for subject matter jurisdiction, provided that the amendment is not unduly delayed, advanced in bad faith, or prejudicial to the opposing party."). If the amended complaint again fails to present a basis for subject matter jurisdiction, this case will be dismissed without prejudice for lack of jurisdiction.

### III.   Conclusion

Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   June 26, 2025

4